UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESIA BASCONCELLO,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-06307-PJH<br><br>**ORDER DENYING MOTION TO CONSOLIDATE AND SETTING HEARING DATE FOR MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 21, 30, 34 |

　　　　Before the court is defendant Experian Information Solutions, Inc.'s motion to consolidate cases, joined by defendant Equifax, Inc. Dkt. 21. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for February 15, 2017 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion to consolidate.

　　　　Federal Rule of Civil Procedure 42(a) permits the court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. Pro. 42(a). The district court has "broad discretion under this rule to consolidate cases" before it. Investors Research Co. v. U.S. District Court for C.D. Cal., 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quotation omitted).

　　　　Experian asks the court to consolidate 171 cases assigned to a number of different judges in this district. However, neither Rule 42 nor the Local Rules contemplate reassignment of cases by one judge to another judge, unless the cases are

found to be related under Local Rule 3-12.  While these cases may share a common legal theory, they do not appear to be related under Local Rule 3-12(c).  Each case involves a different plaintiff and the allegedly inaccurate reporting of different accounts.  Moreover, assigning all 171 cases to a single judge would result in substantial delay and inconvenience, outweighing any efficiency gains from consolidation.

As to the cases assigned to the undersigned judge, the court finds that formal consolidation is inappropriate under the circumstances.  Should these cases make it past the pleading stage, much of the discovery and many of the factual issues will be individualized.  For example, showing that the reporting of each plaintiff's debts was inaccurate in light of a confirmed Chapter 13 plan, and the resulting damages, if any, will likely require plaintiff-specific proof.

As to Experian's alternative request—joined by defendant Chase Bank, USA—to refer the matter to the Executive Committee, there is no rule permitting a party to refer a matter to or to receive a ruling from the court's Executive Committee, which acts on case assignments only when it determines to do so.  Thus the request is DENIED.

However, the court does find that some coordination of the cases assigned to the undersigned judge is appropriate.  In particular, the court orders that all the pending motions to dismiss the actions shall be heard on the same date.  Accordingly, the hearing date for Equifax's motion to dismiss (Dkt. 34) is hereby reset to March 1, 2017, at 9:00 a.m., in Courtroom 3, 1301 Clay Street, Oakland, California, to be heard with Chase's motion to dismiss (Dkt. 30).

**IT IS SO ORDERED.**

Dated:  January 20, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge